**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1235-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARWIN
RODRIGUEZ-FERREIRA,

     Defendant-Appellant.

_____

Submitted January 15, 2020 – Decided March 5, 2020

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-10-1807.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Darwin Rodriguez-Ferreira appeals from the September 10, 2018 order vacating a prior order requiring a Frye[1] hearing and ultimately denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

Defendant raises the following issues on appeal:

> POINT I: THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL REGARDING THE DNA EVIDENCE.
>
> A. LEGAL PRINCIPLES.
>
> B. FAILURE TO ADEQUATELY INVESTIGATE AND PREPARE FOR DNA EVIDENCE.
>
> C. FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.
>
> POINT II: THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT]'S CLAIMS THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

---

[1] Frye v. United States, 293 F. 1013, 1014 (D.C. Cir. 1923).

The facts underlying defendant's conviction are summarized in <u>State v. Rodriguez-Ferreira</u>, No. A-0855-11 (App. Div. May 7, 2014) (<u>Rodriguez-Ferreira I</u>) and <u>State v. Rodriguez-Ferreira</u>, No. A-1831-15 (App. Div. July 20, 2017) (<u>Rodriguez-Ferreira II</u>), and need not be repeated fully here other than that the victim died of multiple stab wounds and certain evidence led police to defendant.

After the victim died, the police discovered a blood-stained knife wrapped in boxer shorts. The police also executed a search warrant of defendant's home and discovered blood stains on the floor. This evidence was tested for DNA.

Defendant was indicted in October 2010 for first-degree murder, N.J.S.A. 2C:11-3(a)(1) or 2C:11-3(a)(2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). At defendant's jury trial in the spring of 2011, experts from the New Jersey State Police Office of Forensic Sciences DNA laboratory and the New York City Office of the Chief Medical Examiner (NYOCME)[2] testified as to the results of the various DNA tests.

---

[2] The NYOCME received, among other things, the following items from the New Jersey State Police for DNA testing: "Nike sandal, left . . . Nike sandal, right . . . [the boxer shorts and] a swab of blood stain received on [a] bathroom floor."

3 <span>A-1235-18T2</span>

Standard DNA testing of the blood on the knife, a Nike sandal, and the blood stain swabs taken from defendant's mother's home matched the victim's DNA profile. The NYOCME expert testified that she conducted a "low copy number" (LCN) DNA test of the boxer shorts that were wrapped around the knife, which is a test conducted when "you're looking at a DNA sample that has a . . . lower starting amount of DNA." She testified that she scraped the inside waistband of the boxer shorts for skin cells to determine the "wearer." She was able to construct a DNA profile from the scrapings, and concluded that defendant's DNA matched as "the major contributor, the person who donated the most DNA to the sample taken from the scrapings of the boxer shorts. . . ." She also tested a blood sample from the boxer shorts and testified the sample "was a mixture of DNA from [victim and defendant]."

On June 3, 2011, the jury convicted defendant of all the charges for which he was indicted. Defendant was sentenced to a thirty-year term with a thirty-year parole disqualifier on the murder conviction, and a consecutive eighteen-month term on the unlawful possession of a weapon conviction.

We affirmed defendant's direct appeal but remanded it to the trial court to articulate the reasons for imposing the consecutive sentence. Rodriguez-Ferreira I, slip op. at 2.

In August 2014, defendant filed a pro se petition for PCR, contending that his trial counsel was ineffective because he failed to request a Frye hearing challenging the testimony of the NYOCME expert regarding the LCN DNA test results linking the boxer shorts to defendant. The trial court denied defendant's PCR petition, finding that defendant was not entitled to an evidentiary hearing because he failed to establish a prima facie case of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 694 (1984).

We reversed and remanded the case for a hearing so that "defense counsel [could] explain what efforts were made to investigate this form of DNA testing and why no Frye hearing was requested." Rodriguez-Ferreira II, slip op. at 8. We further instructed that "[i]f [the] explanation is unsatisfactory, the court should then hold a Frye hearing to determine whether the evidence is admissible given today's scientific knowledge. . . . If the evidence is not deemed admissible, defendant is entitled to a new trial." Ibid.

The PCR judge conducted an evidentiary hearing, where she found trial counsel's explanations regarding efforts to investigate the DNA evidence unsatisfactory and ordered a Frye hearing. However, prior to the Frye hearing, the State's expert, Dr. Craig O'Connor, an Assistant Director in the NYOCME, prepared a report after reviewing the previous DNA tests. As a result of that

5

review, it became evident the boxer shorts that were the focus of the proceeding were tested using a "high template" DNA testing procedure, a routine test accepted in our courts. The discovery of this mistake of fact obviated the need for a Frye hearing and the State moved to vacate the order.

The PCR judge heard argument and granted the motion to vacate the order requiring a Frye hearing after it became clear the issue of the LCN DNA test of the boxer shorts was moot. This appeal followed.

We defer to the PCR judge's factual findings made after an evidentiary hearing. See State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citation omitted). However, when the PCR court chooses not to conduct an evidentiary hearing, we may review the factual inferences made by the PCR court de novo. "We also review de novo the court's conclusions of law." Ibid. (citation omitted). Therefore, when the PCR court elects not to conduct an evidentiary hearing, it is within this court's authority to review both the courts factual findings and legal conclusions de novo. Ibid.

The court noted our remand instructions were "specifically for the purpose of determining the necessity of a Frye hearing with regard to the LCN DNA testing of the boxers," and "if the defendant wishes to challenge his PCR on

additional or alternative grounds he will need to do so by filing a new PCR motion." We discern no error in her determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1235-18T2